**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 9:25-cv-81396-EA**

MARGARETTE DUVERGER,
individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

1 OAK HOME IMPROVEMENT INC,
a Florida corporation,

       Defendant.

_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

Defendant, 1 Oak Home Improvement Inc. ("Defendant"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the Class Action Complaint filed by Plaintiff, Margarette Duverger ("Plaintiff"), and in support states:

**PARTIES**

1. The allegations in paragraph 1 are unknown and therefore denied.

2. The allegations in paragraph 2 are admitted.

**JURISDICTION AND VENUE**

3. Defendant admits that the subject matter under TCPA is proper in this Court, yet Defendant denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 3.

4. Defendant admits that venue is proper in this Court, yet Defendant denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 4.

De Biase | Alvarez
1875 NW CORPORATE BLVD • SUITE 290 • BOCA RATON, FLORIDA • 33431

## INTRODUCTION

5. The allegations in paragraph 5 are unknown and therefore denied.

6. The allegations in paragraph 6 are unknown and therefore denied.

7. The allegations in paragraph 7 are unknown and therefore denied.

8. The allegations in paragraph 8 are denied.

9. The allegations in paragraph 9 are unknown and therefore denied.

10. The allegations in paragraph 10 are unknown and therefore denied.

11. The allegations in paragraph 11 are unknown and therefore denied.

12. The allegations in paragraph 12 are unknown and therefore denied.

## COMMON ALLEGATIONS

13. Defendant admits the allegations in paragraph 13, yet deny any implications associated with the inclusion of the footnote number 3.

14. Defendant admits having made the relevant contacts with the Plaintiff, yet Defendant denies the remainder of the allegations in paragraph 14.

15. Defendant admits having made the relevant contacts with the Plaintiff, yet Defendant denies the remainder of the allegations in paragraph 15.

16. The allegations in paragraph 16 are unknown and therefore denied.

17. The allegations in paragraph 17 are admitted, but all remaining allegations therein are denied.

18. The allegations in paragraph 18 are unknown and therefore denied.

19. The allegations in paragraph 19 are unknown and therefore denied.

20. The allegations in paragraph 20 are unknown and therefore denied.

De Biase | Alvarez
1875 NW CORPORATE BLVD • SUITE 290 • BOCA RATON, FLORIDA • 33431

21.     Defendant admits having made the relevant contacts with the Plaintiff, yet Defendant denies the remainder of the allegations in paragraph 21.

22.     Defendant admits having made the relevant contacts with the Plaintiff, yet Defendant denies the remainder of the allegations in paragraph 22.

## PLAINTIFF DUVERGER'S ALLEGATIONS

23.     The allegations in paragraph 23 are unknown and therefore denied.

24.     The allegations in paragraph 24 are unknown and therefore denied.

25.     The allegations in paragraph 25 are unknown and therefore denied.

26.     The allegations in paragraph 26 are unknown and therefore denied.

27.     The allegations in paragraph 27 are unknown and therefore denied.

28.     The allegations in paragraph 28 are unknown and therefore denied.

29.     Defendant admits having made the relevant contacts with the Plaintiff, yet Defendant denies the remainder of the allegations in paragraph 29.

30.     The allegations in paragraph 30 are unknown and therefore denied.

31.     The allegations in paragraph 31 are unknown and therefore denied.

32.     Defendant admits having made the relevant contacts with the Plaintiff, yet Defendant denies the remainder of the allegations in paragraph 32.

33.     Defendant admits having made the relevant contacts with the Plaintiff, yet Defendant denies the remainder of the allegations in paragraph 33.

34.     The allegations in paragraph 34 are unknown and therefore denied.

35.     The allegations in paragraph 35 are unknown and therefore denied.

36.     Defendant admits having made the relevant contacts with the Plaintiff, yet Defendant denies the remainder of the allegations in paragraph 36.

De Biase | Alvarez
1875 NW Corporate Blvd • Suite 290 • Boca Raton, Florida • 33431

37.     The allegations in paragraph 37 are unknown and therefore denied.

38.     Defendant admits having made the relevant contacts with the Plaintiff, yet Defendant denies the remainder of the allegations in paragraph 38.

39.     The allegations in paragraph 39 are unknown and therefore denied.

40.     The allegations in paragraph 40 are unknown and therefore denied.

41.     The allegations in paragraph 41 are unknown and therefore denied.

42.     Defendant admits having made the relevant contacts with the Plaintiff, yet Defendant denies the remainder of the allegations in paragraph 42.

43.     Defendant admits having made the relevant contacts with the Plaintiff, yet Defendant denies the remainder of the allegations in paragraph 43.

**CLASS ALLEGATIONS**

44.     Defendant denies the allegations in paragraph 44.

45.     The allegations in paragraph 45 are denied to the extent they interpret the law, and further unknown and therefore denied.

46.     The allegations in paragraph 46 are denied.

47.     The allegations in paragraph 47 are denied.

48.     The allegations in paragraph 48 are denied.

49.     The allegations in paragraph 49 are denied.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Duverger and the Do Not Call Registry Class)**

50.     The Defendant reincorporates its allegations in paragraphs 1 through 49 as though fully stated herein.

De Biase | Alvarez
1875 NW CORPORATE BLVD • SUITE 290 • BOCA RATON, FLORIDA • 33431

51.     The Defendant admits the language of the CFR, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 51.  Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

52.     The Defendant admits the language of the CFR, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 52.  Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

53.     The Defendant admits the language of the CFR, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 53. Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

54.     The Defendant admits the language of the CFR, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 54. Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

55.     The Defendant admits the language of the CFR, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 55. Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

56.     The allegations in paragraph 56 are denied to the extent they interpret the law, and further unknown and therefore denied.

De Biase | Alvarez
1875 NW CORPORATE BLVD • SUITE 290 • BOCA RATON, FLORIDA • 33431

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Duverger and the Internal Do Not Call Class)**

57.     The Defendant reincorporates its allegations in paragraphs 1 through 49 as though fully stated herein.

58.     The Defendant admits the language of the CFR, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 58.  Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

59.     The Defendant admits the language of the CFR, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 59.  Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

60.     The Defendant admits the language of the CFR, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 60.  Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

61.     The Defendant admits the language of the CFR, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 61.  Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

[*this space intentionally left blank*]

De Biase | Alvarez
1875 NW CORPORATE BLVD • SUITE 290 • BOCA RATON, FLORIDA • 33431

**THIRD CLAIM FOR RELIEF**
**Florida Telephone Solicitation Act**
**(Violation of the Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Duverger and the Florida DNC Class)**

62.     The Defendant reincorporates its allegations in paragraphs 1 through 49 as though fully stated herein.

63.     The allegations in paragraph 63 are denied.

64.     The Defendant admits the language of the FTSA, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 64.  Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

65.     The Defendant admits the language of the FTSA, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 65.  Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

66.     The Defendant admits the language of the FTSA, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 66.  Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

67.     The Defendant admits the language of the FTSA, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 67.  Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

[*this space intentionally left blank*]

De Biase | Alvarez
1875 NW CORPORATE BLVD • SUITE 290 • BOCA RATON, FLORIDA • 33431

**FOURTH CLAIM FOR RELIEF**
**Florida Telephone Solicitation Act**
**(Violation of the Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Duverger and the Florida Autodial Class)**

68. The Defendant reincorporates its allegations in paragraphs 1 through 49 as though fully stated herein.

69. The allegations in paragraph 69 are denied.

70. The Defendant admits the language of the FTSA, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 70. Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

71. The Defendant admits the language of the FTSA, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 71. Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

72. The Defendant admits the language of the FTSA, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 72. Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

73. The Defendant admits the language of the FTSA, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 73. Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

74. The Defendant admits the language of the FTSA, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 74. Defendant

further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

75.     The Defendant admits the language of the FTSA, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 75.  Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

76.     The Defendant admits the language of the FTSA, but denies the extent of liability and relief sought by Plaintiff in the allegations of the Complaint and paragraph 76.  Defendant further denies that a class action is proper or just, or that any purported class member is a proper plaintiff.

**PRAYER FOR RELIEF**

77.     The Defendant disclaims and rejects all liability to any purported class member, but admits liability to Plaintiff for statutory damages to be determined at trial.

**AFFIRMATIVE DEFENSES**

78.     Defendant asserts, intends to rely upon, and otherwise preserves the following affirmative and legal defenses in response to the claims and allegations set forth in the Complaint and respectfully reserves the right to assert other defenses if facts learned in discovery warrant such amendment. Defendant reserves the right to assert additional affirmative defenses as they become apparent through discovery and further investigation.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to Comply with Rule 23 of the Federal Rules of Civil Procedure)**

79.     The Complaint fails to satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure and, therefore, cannot permit Plaintiff maintain this action as a class action, including, but not limited to, (i) individualized inquiries overshadowing common issues

De Biase | Alvarez
1875 NW CORPORATE BLVD • SUITE 290 • BOCA RATON, FLORIDA • 33431

necessary to establish predominance; (ii) the presence of individualized consent issues undermining commonality; (iii) the differing experiences of the named Plaintiff from the alleged putative classes, thereby undercutting typicality; and (iv) the potential for individualized determinations making the management of an TCPA class action complex and unwieldy.

## SECOND AFFIRMATIVE DEFENSE
### (Consent)

80.     Any putative class members provided prior express invitation or permission to receive the communications at issue, thereby precluding any TCPA claim.

## THIRD AFFIRMATIVE DEFENSE
### (Good Faith/No Willful or Knowing Violation)

81.     Defendant at all times has acted in good faith and without malice. To the extent there was any violation of the TCPA, such violation(s) were not knowing and willful.

## FOURTH AFFIRMATIVE DEFENSE
### (Established or Existing Business Relationship)

82.     Any putative class members' claims are barred in whole or in part by the putative class members' established business relationships with Defendant, to the extent one exists or existed during the relevant time period.

## FIFTH AFFIRMATIVE DEFENSE
### (Not A Residential Number)

83.     Any putative class members' claim are barred to the extent any phone number allegedly contacted are not residential.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully request that this Court (i) dismiss the Plaintiff's and putative class members' Complaint in its entirety, with prejudice; (ii) deny class certification; (iii) award Defendant its costs of suit and attorneys' fees incurred in the defense of this lawsuit; and (iv) provide for such other and further relief as the Court deems just and proper.

De Biase | Alvarez
1875 NW CORPORATE BLVD • SUITE 290 • BOCA RATON, FLORIDA • 33431

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on or about January 5, 2026, a true and correct copy of the

foregoing was served on counsel of record via the CM/ECF system.

_____
By: Adrian J. Alvarez, Esq.
Florida Bar No. 0040565
**DE BIASE | ALVAREZ**
1875 NW Corporate Blvd., Suite 290
Boca Raton, Florida 33431
Office Phone: (561) 560-3222
Mobile Phone: (305) 562-8859
Email: adrian@dbaalaw.com